HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
Email: pharvey@harveyskind.com
RAFFI V. ZEROUNIAN (SBN 236388)
Email: rzerounian@harveyskind.com
4 Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

G. KIP EDWARDS (SBN 50446)
Email: kedwards@ltol.com
Mailing address:
P.O. Box 1979
Kings Beach, CA 96143
Delivery address:
1132 Regency Way
Tahoe Vista, CA 96148
Telephone: (530) 546-5892
Facsimile: (530) 546-5893

Attorneys for Plaintiff
E. & J. Gallo Winery

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

E. & J. GALLO WINERY, a California corporation,

    Plaintiff,

v.

MIRA ENTERPRISES, INC., a California corporation

    Defendant.

Case No. C 07 2529

COMPLAINT FOR
FEDERAL TRADEMARK
INFRINGEMENT AND DILUTION,
VIOLATION OF CALIFORNIA
CELEBRITY IMAGE PROTECTION ACT,
CALIFORNIA TRADEMARK
INFRINGEMENT AND DILUTION,
CALIFORNIA UNFAIR COMPETITON
AND COMMON LAW UNJUST
ENRICHMENT

Plaintiff E. & J. Gallo Winery ("Gallo") for its complaint against defendant Mira Enterprises, Inc. alleges:

## JURISDICTION

1. This is an action seeking damages and injunctive relief for federal trademark infringement under 15 U.S.C. §§ 1051 *et seq.*, federal trademark dilution under 15 U.S.C. § 1125(c), violation of the California Celebrity Image Protection Act, California Civil Code § 3344.1, state trademark infringement under California Business and Professions Code §§ 14200 *et seq.*, state trademark dilution under California Business and Professions Code § 14330, unfair competition under California Business and Professions Code §§ 17200 *et seq.*, and common law unjust enrichment.

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331, 1338(a) and 15 U.S.C. §1121 because this matter arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* The Court has supplemental jurisdiction over Gallo's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

## VENUE

3. Venue properly lies within the Northern District of California pursuant to 28 U.S.C. §1391(b).

## INTRADISTRICT ASSIGNMENT

4. Assignment of this case to this division is proper under Civil Local Rule 3-2(c).

## PARTIES

5. Gallo is a California corporation with its principal place of business in Modesto, California.

6. On information and belief, Defendant Mira Enterprises, Inc. is a California corporation with its principal place of business in Los Angeles, California.

## CLAIM ONE

### (Federal Trademark Infringement)

7. Gallo incorporates by reference the allegations of paragraphs 1 through 6.

8. Gallo owns all rights in and to, among others, the federal trademark registrations listed below, each of which is valid and subsisting, uncancelled, unrevoked and incontestable:

| Trademark | Reg. No | Issue Date | Goods |
|---|---|---|---|
| CARLO ROSSI | 1,813,968 | 12-28-93 | Wines |
| CARLO ROSSI | 1,904,572 | 7-11-95 | Wines |

9. Defendant has obtained a federal trademark registration No. 3,142,535, issued on September 12, 2006, for the word mark CARLO ROSSI for watches.

10. Defendant has used the trademark CARLO ROSSI without authorization from Gallo in the promotion and sales of goods not produced or authorized by Gallo. On information and belief, these goods include, but are not limited to, watches, necklaces, earrings, pens, bracelets, knives, manicure sets, handbags, wallets and sunglasses. Such unauthorized uses of the CARLO ROSSI mark by defendant create a likelihood of confusion with Gallo's CARLO ROSSI marks and products and constitute an infringement of Gallo's trademark rights under 15 U.S.C. §§ 1114 *et seq.*

11. Defendant has used, and is continuing to use, the CARLO ROSSI mark with full knowledge of Gallo's trademark rights, and its infringement is willful and deliberate.

12. Defendant's trademark infringement alleged herein has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate remedy at law.

## CLAIM TWO

### (Federal Trademark Dilution)

13. Gallo incorporates by reference the allegations of paragraphs 1 through 12.

14. The CARLO ROSSI trademark is famous and distinctive and/or has acquired distinctiveness and is widely recognized by the general consuming public of the United States in connection with wines.

-3-
COMPLAINT

15. Defendant's use of a CARLO ROSSI trademark began after Gallo's CARLO ROSSI trademark became famous. Defendant's use of a CARLO ROSSI trademark is likely to dilute the distinctive quality of the famous CARLO ROSSI mark in violation of 15 U.S.C. § 1125(c).

16. Defendant's acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate remedy at law.

## CLAIM THREE

### (Violation of California Celebrity Image Protection Act)

17. Gallo incorporates by reference the allegations of paragraphs 1 through 16.

18. Charles "Carlo" Rossi died in 1994. While his given name at birth was "Charles," he was known throughout his adult life as "Carlo."

19. During his lifetime, Carlo Rossi's name and likeness were featured on wine labels for wines produced by Gallo. This use of the name "Carlo Rossi" and Mr. Rossi's likeness was pursuant to an agreement between Mr. Rossi and Gallo. Gallo is the successor-in-interest to all rights pertaining to the name "Carlo Rossi" and his likeness. Gallo has filed a Registration of Claim as Successor-in-Interest with the California Secretary of State as provided for in California Civil Code Section 3344.1(f).

20. During his life, the name "Carlo Rossi" and Mr. Rossi were also featured prominently in television commercials, advertising collateral and point-of-sale materials, among other uses. As a result, upon his death Carlo Rossi became a "deceased personality" as that term is used in California Civil Code Section 3344.1.

21. Defendant's use of the name "Carlo Rossi" on the goods described in paragraph 10 is without Gallo's consent. Defendant's use of "Carlo Rossi" is for the purpose of, among other things, selling and soliciting sales of goods bearing the name "Carlo Rossi."

22. Defendant's use of "Carlo Rossi" as alleged herein has violated and, unless restrained and enjoined by this Court, will continue to violate California Civil Code Section 3344.1. Pursuant

to its agreement with Mr. Rossi, Gallo continues to use his name and image on its CARLO ROSSI wines, website, and advertising.

23. As a result of defendant's violations, Gallo is entitled to an award of statutory damages and defendant's profits from its unauthorized use of "Carlo Rossi."

24. Gallo is entitled to an award of its attorneys' fees and costs pursuant to California Civil Code Section 3344.1(a).

## CLAIM FOUR

### (California Trademark Infringement)

25. Gallo incorporates by reference the allegations of paragraphs 1 through 24.

26. Gallo owns all rights in and to California trademark registration no. 098,686 for the trademark CARLO ROSSI for wines, issued on February 15, 1994.

27. Defendant's unauthorized use of the CARLO ROSSI trademark creates a likelihood of confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark rights under California Business and Professions Code Section 14200 *et seq.*

28. Defendant's acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Gallo for which Gallo is without an adequate remedy at law.

## CLAIM FIVE

### (California Trademark Dilution)

29. Gallo incorporates by reference the allegations of paragraphs 1 through 28.

30. Defendant's use of a CARLO ROSSI trademark creates a likelihood of injury to the business reputation and of dilution of the distinctive quality of Gallo's CARLO ROSSI mark in violation of California Business and Professions Code Section 14330.

31. Defendant's acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Gallo for which Gallo has no adequate remedy at law.

## CLAIM SIX

### (California Unfair Competition)

32. Gallo incorporates by reference the allegations of paragraphs 1 through 31.

33. Defendant's use of the CARLO ROSSI trademark constitutes unfair competition in violation of California Business and Professions Code Section 17200 *et seq.*

## CLAIM SEVEN

### (Unjust Enrichment)

34. Gallo incorporates by reference the allegations of paragraphs 1 through 33.

35. As a result of the conduct of defendant, it has been unjustly enriched at the expense of Gallo and the law thereby implies a contract by which defendant must pay to Gallo the amount by which, in equity and good conscience, defendant has been unjustly enriched at the expense of Gallo.

## PRAYER FOR RELIEF

WHEREFORE, Gallo seeks judgment against defendant as follows:

1. An injunction against defendant and all persons acting in concert therewith enjoining any further infringement of Gallo's CARLO ROSSI trademark in the United States;

2. An injunction against defendant and all persons acting in concert therewith enjoining any further dilution of Gallo's CARLO ROSSI trademark in the United States;

3. An injunction against defendant and all persons acting in concert therewith enjoining any further violations of California Civil Code Section 3344.1;

4. An injunction against defendant and all persons acting in concert therewith enjoining any further acts of unfair competition in the United States;

5. An award of statutory damages together with defendant's profits from the use of CARLO ROSSI in the United States;

6. An award in the amount by which defendant has been unjustly enriched;

7. An order compelling the Commissioner of Trademarks of the United States to cancel federal trademark registration No. 3,142,535, issued on September 12, 2006, to defendant for the word mark CARLO ROSSI for watches;

8. An award of Gallo's reasonable attorneys' fees and costs; and

9. Such other and further relief as the Court deems just and proper.

Dated: May 11, 2007

Respectfully submitted,

HARVEY SISKIND LLP
D. PETER HARVEY
RAFFI V. ZEROUNIAN

G. KIP EDWARDS

By: _____
       D. Peter Harvey

Attorneys for Plaintiff
E. & J. GALLO WINERY

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: May 11, 2007

Respectfully submitted,

HARVEY SISKIND LLP
D. PETER HARVEY
RAFFI V. ZEROUNIAN

G. KIP EDWARDS

By: _____
    D. Peter Harvey

Attorneys for Plaintiff,
E. & J. GALLO WINERY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George P. Schiavelli and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

### CV08- 178 GPS (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA


E-filing

E. & J. GALLO WINERY, a California corporation,

V.

MIRA ENTERPRISES, INC., a California corporation

SUMMONS IN A CIVIL CASE

CASE NUMBER:

C 07 2529 RS

CV 08-178 - ₤ GPS (SSx)

TO: (Name and address of defendant)

MIRA ENTERPRISES, INC.
1349 SOUTH BROADWAY
LOS ANGELES, CALIFORNIA 90015

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

D. PETER HARVEY, ESQ.
RAFFI V. ZEROUNIAN, ESQ.
HARVEY SISKIND LLP
4 EMBARCADERO CENTER, 39TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

Helen L. Almacen

May 11, 2007
(BY) DEPUTY CLERK

DATE  MAY 1 1 2007

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

### I.(a) PLAINTIFFS
E. & J. GALLO WINERY, a California corporation

### DEFENDANTS
MIRA ENTERPRISES, INC., a California corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
Stanislaus County, California

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

C 08-178

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
D. Peter Harvey, Harvey Siskind LLP, 4 Embarcadero Center, 39th Fl., San Francisco, CA 94111 Tel: 415-354-0100

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☒840 Trademark | ☐480 Consumer Credit |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐490 Cable/Satellite TV |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liabiltiy | ☐380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐810 Selective Service |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/ Exchange |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐894 Energy Allocation Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant) | ☐895 Freedom of Information Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | ☐950 Constitutionality of State Statutes |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | ☐890 Other Statutory Actions |
| | ☐446 Amer w/ disab - Other | | | | |

### VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
15 U.S.C. §§ 1051 et seq., 15 U.S.C. § 1125(c) - Trademark infringement and dilution

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____  CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE

DATE 5/11/07  SIGNATURE OF ATTORNEY OF RECORD  P. [signature]



```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611006262
Cashier ID: sibaren
Transaction Date: 05/11/2007
Payer Name: HARVEY SISKIND

CIVIL FILING FEE
  For: HARVEY SISKIND
  Case/Party: D-CAN-5-07-CV-002529-001
  Amount:         $350.00

CHECK
  Check/Money Order Num: 8944
  Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

C07-2529 RS


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```

**UNITED STATES DISTRICT COURT**
Northern District of California
280 South First Street
San Jose, California 95113

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5364

November 29, 2007

*United States District Court*
*G-8 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

CV 08-178 = ⅄ 6⁄5 (SSX)

RE: CV 07-02529 JW   E & J GALLO WINERY-v-MIRA ENTERPRISES INC

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

☒   Certified copy of docket entries.

☒   Certified copy of Transferral Order.

☒   Original case file documents.

☒   Please access the electronic case file for additional pleadings you may need. See the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by: Cindy Vargas
Case Systems Administrator

Enclosures
Copies to counsel of record